## STATE OF MARYLAND v. HARRY PAUL BRYAN, JR.

[No. 28, September Term, 1978.]

*Decided December 19, 1978.*

*Ray E. Stokes, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellant.

*Nancy Louise Cook, Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *Geraldine*

*Kenney Sweeney, Assistant Public Defender,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

When an accused is convicted of a crime, and sentence is imposed, the court having jurisdiction may suspend the execution of the sentence or part of it, and place the defendant upon probation upon such terms and conditions as it deems proper. Maryland Code (1957, 1976 Repl. Vol.) art. 27, § 641A. Thereafter, on the motion of the State's Attorney or on its own order, the court may hold a hearing to determine whether any condition of probation has been violated. Maryland Rule 775 c.[1] If, upon hearing, the court determines that the probationer has violated any condition of probation, it "may proceed to sentence the said person." Code, (1957, 1976 Repl. Vol.) art. 27, § 642.[2]

On 25 August 1976 in the Circuit Court for Anne Arundel County, Harry Paul Bryan, Jr. was convicted by the court upon his plea of guilty of robbery with a deadly weapon. On 14 October 1976 he was sentenced to imprisonment for two years with credit given for seventy-two days incarceration. The balance of the prison term was suspended, and he was placed on probation for two years upon specified conditions. On 25 April 1977, the Division of Parole and Probation requested the court to issue a warrant, alleging that Bryan had violated conditions of probation. A bench warrant was

---

1. The Court of Appeals by Order dated 31 January 1977, approved and adopted, effective 1 July 1977, a revision of Chapter 700 of the Maryland Rules of Procedure. The Order provided that the new rules shall "apply to all proceedings commenced on or after 1 July 1977, and insofar as practicable, to all proceedings then pending." There was no old rule comparable to new Rule 775, but subsection c thereof reflected the practice which had been generally followed.

2. The court had no power under that statute to change a sentence that had been imposed and suspended upon conditional probation. When a condition of probation was found to have been violated, the suspension could be stricken, probation revoked and the sentence originally prescribed was to be executed. *Knight v. State,* 7 Md. App. 313, 324-325, 255 A. 2d 441 (1969). *See* Costello v. State, 240 Md. 164, 213 A. 2d 739 (1965). Acts 1978, ch. 626, effective 1 July 1978, authorized the court to sentence the probationer "to serve the period of imprisonment prescribed in the original sentence or any portion thereof. . . ." Code (1957, 1976 Repl. Vol., 1978 Cum. Supp.) art. 27, § 642.

thereupon issued on 2 May charging the violations. Bryan appeared before the court on 8 August 1977, the day for the hearing on the alleged violations. The State was represented by an Assistant State's Attorney. After the following colloquy between the court and Bryan, the hearing proceeded without Bryan being represented by counsel:

"COURT: Do you have an attorney, Mr. Bryan?

DEFENDANT: No, sir.

COURT: Do you want one?

DEFENDANT: No, sir.

COURT: You do not?

DEFENDANT: No, sir.

COURT: All right."

The State adduced evidence of the violations through the testimony of an agent of the Department of Parole and Probation. Bryan offered no evidence and made no argument. The court found him "guilty of the violation of the probation." After affording Bryan an opportunity to be heard, probation was revoked and the original two year sentence was "reimposed." Bryan appealed. The Court of Special Appeals reversed the judgment and remanded the case for further proceedings. *Bryan v. State,* 39 Md. App. 250, 384 A. 2d 479 (1978). We granted the State's petition for a writ of certiorari.

The issue for decision is whether a probation revocation hearing conducted in a circuit court for any county or in the Criminal Court of Baltimore is within the ambit of Rule 723 of the Maryland Rules of Procedure. We hold that it is. As shall be demonstrated, the failure of the Circuit Court for Anne Arundel County to comply with the relevant provisions of the Rule constituted reversible error. Therefore, the Court of Special Appeals was correct in reversing the judgment of the trial court.

I

We observe initially that the requirements of Rule 723 are mandatory. The precursor to the present Rule, originally also

designated as Rule 723 and later as Rule 719, included less elaborate provisions for the appointment and waiver of counsel. We have held that the requirements of the former rules were mandatory. *Manning v. State,* 237 Md. 349, 353, 206 A. 2d 563 (1965); *Taylor v. State,* 230 Md. 1, 2, 185 A. 2d 197 (1962); *Williams v. State,* 220 Md. 180, 181, 151 A. 2d 721 (1959); *Hill v. State,* 218 Md. 120, 127, 145 A. 2d 445 (1958). *See also Isen v. Phoenix Assurance Co.,* 259 Md. 564, 570, 270 A. 2d 476 (1970), in which we declared our Rules "are not guides to the practice of law but precise rubrics 'established to promote the orderly and efficient administration of justice and [that they] are to be read and followed.' *Brown v. Fraley,* 222 Md. 480, 483 [161 A. 2d 128] (1960)."

### (1)

It is plain that Rule 723 encompasses probation revocation hearings. Section a requires a defendant to "appear in person at the time and place specified in the summons or other writ issued pursuant to Rule 720 . . . , unless his counsel enters an appearance for him in writing on or before the time." [3] Section b establishes procedures which the court shall follow when a defendant appears pursuant to § a and is not represented by counsel. Section d 2 deals with the appearance without counsel of a defendant *after* his appearance pursuant to § a:

> "If the defendant appears in court without counsel, *at any proceeding after his appearance pursuant to section a of this Rule,* the court may not proceed before determining whether the defendant *at that time* desires to waive counsel, or has waived counsel, either affirmatively or by neglecting or refusing to obtain counsel." (Emphasis added).

Patently, § d 2 is not limited to a criminal trial but encompasses "any proceeding after [the defendant's]

---

3. Rule 720 provides that when a charging document is filed with the court, the clerk shall issue a summons to the defendant commanding him to appear before the court. A "charging document," as defined by Rule 702 a, "means a written accusation, filed in court, alleging that a defendant has committed an offense." According to Rule 702 e an "offense" is "a violation of the criminal laws of this State or a political subdivision thereof."

**156**

appearance pursuant to section a . . . ." A revocation of probation hearing, as conducted in Maryland, is a proceeding after the defendant's appearance pursuant to § a. It relates directly to the criminal case of the substantive offense and is docketed, not as a separate action, but on the docket of that case.

### (2)

It is abundantly clear that Rule 723 requires that a defendant in a proceeding within its ambit have the assistance of counsel unless waived by him. When a defendant appears pursuant to § 1 and is not represented by counsel, the court shall "[a]dvise the defendant that he has a right to be represented by counsel at every stage of the proceedings . . . ." § b 2. Section b 3 further requires that the court advise him "[t]hat counsel can render important assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof, and in preparing for and representing him at trial," § c 2, and "[t]hat even if [he] intends to plead guilty, counsel may be of substantial assistance in developing and presenting information which could affect the sentence or other disposition," § c 3. The court must advise him "that if he finds he is financially unable to retain the service of private counsel, he should apply to the Public Defender as soon as possible for a determination of his eligibility to have counsel provided for him by the Public Defender," § b 5, and "if the Public Defender declines to provide representation, the defendant should immediately notify the clerk of the court so that the court can determine whether it should appoint counsel pursuant to Article 27A, section 6 (f), of the Maryland Code," § 6 b. Code (1957, 1976 Repl. Vol.) art. 27A provides for a Public Defender and sets out his powers and duties. Section 6 (f) declares that nothing in the article "shall be construed to deprive [the] court . . . of its authority to appoint an attorney to represent an indigent person . . . where the Office of the Public Defender declines to provide representation to an indigent person entitled to representation under this article."

Rule 723 goes further. It prescribes a precise waiver inquiry to be made "[w]hen a defendant indicates a desire or inclination to waive counsel...." § c. The court may not accept the waiver until it determines, "after appropriate questioning on the record in open court, that the defendant possesses the intelligence and capacity to appreciate the consequences of his decision, and fully comprehends ..." certain matters. *Id.* These matters include the important and substantial assistance counsel can render him as set out in § c 2 and 3, *see supra,* and "[t]hat if the defendant is found to be financially unable to retain private counsel, the Public Defender or the court would, if the defendant wishes, provide counsel to represent him." § c 4.

Record of compliance with the obligations of the court is required by § e:

"The advice of the court given pursuant to section b and c of this Rule and the finding that the defendant waived counsel pursuant to sections c and d of this Rule shall be made on the record in open court. The docket entries shall affirmatively show compliance with this Rule."

The Rule expressly provides in § d 2, as we have indicated, that "[i]f the defendant appears in court without counsel, at any proceeding after his appearance pursuant to section a of this Rule, the court may not proceed before determining whether the defendant *at that time* desires to waive counsel, or has waived counsel, either affirmatively or by neglecting or refusing to obtain counsel." (Emphasis added).

Beyond doubt, the foundation of Rule 723 is that, unless counsel is effectively waived under the waiver scheme established by the Rule,[4] a defendant in any proceeding within the ambit of the Rule shall be represented by counsel, retained by the defendant if he is financially able to do so, or, if he is not, provided by the State, either through the Public Defender or by court appointment when the Public Defender

---

4. For a waiver of counsel to be effective a defendant must be competent to waive the right and knowingly and intelligently do so after being made aware of the advantages and disadvantages of self-representation. State v. Renshaw, 276 Md. 259, 267, 347 A. 2d 219 (1975).

declines to provide the representation. Since a probation revocation hearing is within the ambit of the Rule, the court may not proceed with the hearing absent counsel for the probationer unless counsel is duly waived. In short, although, in effect, the Rule implements constitutional rights to assistance of counsel, regardless of any constitutional rights, it bestows upon a probationer the right to counsel at a probation revocation hearing.[5]

## III

An information was filed against Bryan on 19 May 1976 charging him with armed robbery and related offenses. Capias issued. He was arraigned on 3 June, pleaded not guilty, and the election of a jury trial was reserved. This was his appearance pursuant to § a of Rule 723. The revocation of probation hearing on 8 August 1977 was a proceeding after his appearance pursuant to § a. As he appeared without counsel, the court was prohibited by Rule 723 d 2 from proceeding before determining whether he desired to waive counsel or had waived counsel, either affirmatively or by neglecting or refusing to obtain counsel. Bryan said he did not want counsel, thus indicating that he desired to waive counsel. Where the court went astray was to leave the matter there. The court was then required to conduct the waiver inquiry prescribed by § c. The record does not show, pursuant to § e, that the court advised Bryan as required by § c and that it found that he waived counsel pursuant to §§ c and d, nor do the docket entries affirmatively show compliance with

5. Any question that an indigent probationer at a probation revocation hearing as conducted in this State has a constitutional right to assistance of appointed counsel was eliminated when effective 1 July 1978, the court, upon a determination that any condition of probation was violated, was no longer restricted to imposing the original sentence, but could impose "any portion thereof." Md. Code (1957, 1976 Repl. Vol., 1978 Cum. Supp.) art 27, § 642. Gagnon v. Scarpelli, 411 U. S. 778, 93 S. Ct. 1756 (1973) concerned probation revocation hearings before administrative bodies. Although the Court refused to establish exact guidelines for appointment of counsel in such circumstances, it gave plain indication when counsel should be provided indigents to satisfy due process. *Id.* at 790-791. Under the *Gagnon* criteria it would be hard to gainsay that a probationer in a Maryland revocation proceeding would not now be entitled to appointed counsel.

the Rule. Proceeding with the hearing in the circumstances here was reversible error. Bryan must be afforded a new hearing upon compliance with the relevant provisions of Rule 723.[6]

> *Judgment of the Court of Special Appeals affirmed with respect to the reversal of the judgment of the Circuit Court for Anne Arundel County; case remanded to the Court of Special Appeals with direction to remand to the Circuit Court for Anne Arundel County for a new hearing in accordance with this opinion; costs to be paid by Anne Arundel County.*

---

**6.** Rule 723 does not elevate a probation revocation hearing to the status of a "criminal prosecution" within the meaning of U. S. Const. amend. VI and Md. Const. Declaration of Rights, art. 21. Thus, the probationer is not invested with all the rights constitutionally accruing to a defendant in a criminal prosecution, and the hearing, although judicial, is not subject to all of the limitations imposed by law upon a trial leading to conviction. The proceedings are to be tested by fundamental fairness — the touchstone of due process. *See* Gagnon v. Scarpelli, 411 U. S. 778, 790, 93 S. Ct. 1756 (1973).