578 A.2d 299

**Peter GAKABA**

v.

**STATE of Maryland.**

**Post Conviction No. 74, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Aug. 30, 1990.

Certiorari Denied Dec. 26, 1990.

Peter Gakaba, Baltimore, pro se.

No answer filed by the State.

Argued before WILNER, ALPERT and BLOOM, JJ.

ALPERT, Judge.

Peter Gakaba, the applicant, was charged with committing theft of over $300.00 (Art. 27, § 342). Trial was held in the Circuit Court for Baltimore City on December 11, 1989 before the Honorable Arrie W. Davis. At that time, applicant pled guilty to the charge. Judge Davis did not enter a judgment of conviction but instead stayed the judgment and placed applicant on probation prior to judgment (Art. 27, § 641). As a condition of the probation, Judge Davis ordered applicant to pay $500.00 restitution.

The applicant did not seek appellate review of this disposition, but on January 22, 1990 filed a petition seeking post conviction relief (Art. 27, § 645A–645J). Relief was denied by an order filed June 15, 1990. Applicant now seeks leave to appeal the denial and in doing so raises a number of allegations of error. We shall not consider these allegations, however, as we conclude that the petition must be dismissed for want of jurisdiction.

The Maryland Post Conviction Procedure Act is not available to every defendant who appears in a criminal case, but applies only to "[a]ny person *convicted of a crime* and either incarcerated under sentence of death or imprisonment or on parole or probation...." Art. 27, § 645A(a) (emphasis added). *See also Creswell v. Director,* 2 Md. App. 142, 233 A.2d 375 (1967). The problem in this case is that the applicant seeks post conviction relief of a proceeding which did not result in a criminal conviction. We explain.

The circuit court proceeding was concluded by the trial judge's imposing probation before judgment. The Court of Appeals in *Myers v. State,* 303 Md. 639, 647, 496 A.2d 312 (1985) stated that in 1975 the General Assembly, by enacting an amendment to the probation before judgment act "expressed its unmistakeable intent that the disposition of probation before judgment not be a conviction." The Court also explained that a conviction does not exist until there is

a determination of guilt and an imposition of a sentence. *Id.* at 645, 496 A.2d 312.

At the proceeding conducted in the circuit court, determination was made that applicant was "guilty of an offense," but a formal judgment of conviction was not and has not yet been entered. Because no conviction has yet been entered, the circuit court proceeding may not, at this time, be collaterally attacked by a post conviction proceeding.

In *Shilling v. State,* 320 Md. 288, 577 A.2d 83, the Court of Appeals ruled that for the limited purpose of deciding whether a person was entitled to notice under rule 4–245, a probation before judgment ordered in connection with a motor vehicle charge shall be considered to be a conviction. The Court reasoned that this was so because the individual "would be deemed a subsequent offender under [Transportation Article] § 21–902 ... [by virtue of Art. 27] § 641(a)(2)." The *Shilling* case applies only to probation before judgments controlled by Art. 27, § 641(a)(2), and consequently has no applicability to the proceeding before us.

Our holding is consistent with the probation before judgment statute. That statute provides in Art. 27, § 641(a)(1)(i) that probation before judgment may not be entered unless the defendant consents in writing to the stay of judgment. Then, § 641(a)(3) goes on to provide that by consenting to the stay, the defendant "waives the right to appeal from the judgment of guilt by the court at any time." Because a defendant may not seek a direct appeal from a probation before judgment, it seems logical that he should also be forbidden from collaterally attacking a probation before judgment under the Post Conviction Act.

In ruling as we do in this case, we are aware that the Court of Appeals has determined that there are some situations where an appeal may be noted from a lower court's order placing a defendant on probation before judgment. The Court has allowed such appeals only where the State is appealing on the ground that the lower court failed to

impose a mandatory sentence. *State v. Hannah,* 307 Md. 390, 514 A.2d 16 (1986); *Telak v. State,* 315 Md. 568, 556 A.2d 225 (1989); and *State v. Shilling, supra.* That an appeal of a probation before judgment may lie in some cases is irrelevant to our holding here. All that we are holding is that "probation before judgment" does not qualify as a conviction as that term is used in the post conviction statute. This, of course, does not preclude post conviction proceedings in the event that the probation (before judgment) is revoked and a formal judgment of conviction entered.

APPLICATION FOR LEAVE TO APPEAL NEITHER GRANTED NOR DENIED.

CASE REMANDED TO THE CIRCUIT COURT WITH INSTRUCTIONS FOR THAT COURT TO DISMISS THE PROCEEDINGS.