TAYLOR, Judge.
Ronald Joseph Marzettie appeals from the summary denial of his petition for post-conviction relief under Rule 82, A.R.Crim.P. The appellant pleaded guilty to unlawful distribution of a controlled substance and to possession of a controlled substance. He was ordered to serve two years in prison and was placed on formal probation. In 1990, his probation was revoked.
The appellant alleges in his petition for post-conviction relief that the attorney who represented him during his probation revocation provided ineffective assistance in that he did not secure a revocation hearing. He also contends that he was not afforded due process rights as stated in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). No response from the state to the petition appears in the record; therefore the allegations are not contradicted by the state. The trial court summarily denied the petition, stating that the grounds raised were procedurally barred because they could have been raised on direct appeal.
The record reflects that the appellant never appealed his conviction or filed any other petition seeking post-conviction relief. The appellant’s petition is meritorious on its face, and “its allegations are not refuted. Thus, they must be accepted as true for the purposes of the pleadings and of the framing of the issues.” Henderson v. State, 586 So.2d 1009, 1010 (Ala.Cr.App. 1990). The appellant’s claim of ineffective assistance of counsel should have been “addressed and determined by the trial court on the merits.” Wilson v. State, 582 So.2d 588, 589 (Ala.Cr.App.1991). Thus, this case is remanded to the Circuit Court for Mobile County for that court to consider the allegations of ineffective assistance of counsel raised by the appellant. Due return should be filed with this court within 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.