653 A.2d 966

**John FLANSBURG,**

v.

**STATE of Maryland.**

**No. 822, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Feb. 10, 1995.

Jennifer Page, Law Student admitted pursuant to Rule 16 (Stephen E. Harris, Public Defender and Nancy S. Forster, Asst. Public Defender on the brief), Baltimore, for appellant.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Stuart O. Simms, State's Atty. for Baltimore City on the brief), Baltimore, for appellee.

Argued before BISHOP, ALPERT and CATHELL, JJ.

ALPERT, Judge.

We consider in this appeal whether a claim that ineffective assistance of counsel arising out of a probation revocation proceeding may be reviewed in a post conviction proceeding under Article 27, § 645A. We shall hold that it may.

On December 5, 1985, appellant, John Flansburg, pled guilty in the Circuit Court for Baltimore City to one count of a second degree sex offense. He was sentenced to seven years, with four years suspended, and five years probation upon release. In 1990, after his release and while still on probation,

appellant was convicted of battery. Approximately a year later, appellant was convicted of second-degree murder, again while still on probation. On May 21, 1991, appellant admitted that he had violated his probation and submitted to the judgment of the court. The Honorable Clifton J. Gordy, Jr. revoked appellant's probation and directed execution of the three-year suspended sentence, to be served consecutively to a fifteen-year sentence imposed for his murder conviction.

Appellant was represented by a public defender at the probation revocation hearing. After the hearing, appellant asked his attorney on two occasions to file a motion for modification or reduction of the three-year sentence directed to be executed. His attorney neglected to file the motion and submitted an affidavit to the court admitting that he was requested to file the motion but failed to do so within 90 days as required by Maryland Rule 4–345.

On February 5, 1994, appellant filed a petition for post conviction relief with the Circuit Court for Baltimore City, contending that he was denied his Sixth Amendment right to effective assistance of counsel by virtue of his attorney's failure to file the motion for modification. Appellant requested that the court conduct a hearing on the matter and grant a belated motion to modify Judge Gordy's sentence.

Appellant's petition was dismissed by the court in a written opinion. The court found that Maryland's Post Conviction Procedure Act, Md.Ann.Code art. 27, §§ 645A–J, did not permit review of "the procedural regularity of a probation revocation proceeding, apart from a challenge to the underlying conviction." Appellant subsequently filed an application for leave to appeal with this Court. We granted appellant's application and ordered the parties to brief the following question, which has heretofore not been addressed by the Maryland courts:

Whether the manner in which a revocation of probation hearing is conducted may be reviewed by a post conviction proceeding instituted under the Maryland Post Conviction Procedure Act?

## Discussion

### a. The Right To Effective Assistance of Counsel At Probation Revocation Proceeding

██ The State argues preliminarily that appellant's claim of ineffective assistance of counsel must fail because appellant did not have a constitutional right to an attorney at the probation revocation proceeding in the circuit court. Where there is no constitutional right to counsel, the State argues, a defendant cannot be deprived of his or her Sixth Amendment right to effective assistance of counsel.

██ We disagree. Appellant clearly had a statutory right to an attorney at the probation revocation proceeding below. Maryland Rule 4–215(a) requires that the court "[i]nform the defendant of the right to counsel" at his probation hearing and conduct an waiver inquiry if he appears without an attorney.[1] The Court of Appeals has held that this right is not only statutorily protected, but is guaranteed by the constitution. *Vincenti v. State*, 309 Md. 601, 604, 525 A.2d 1072 (1987); *Maus v. State*, 311 Md. 85, 111–12, 532 A.2d 1066 (1987); *Bryan*, 284 Md. at 158 n. 5, 395 A.2d 475.[2] Thus,

---

1. Maryland Rule 4–347(d), which governs proceedings for revocation of probation, expressly makes the provisions of Rule 4–215 applicable in a revocation hearing. *See, State v. Bryan*, 284 Md. 152, 156–58, 395 A.2d 475 (1978) (holding that a defendant in any proceeding within the ambit of former Rule 723, currently Rule 4–215, is entitled to an attorney unless waived); *Rendelman v. State*, 73 Md.App. 329, 336–38, 533 A.2d 1339 (1987).

2. Historically, the right to counsel at a probation hearing was dependant upon the nature of the suspended sentence which was rendered by the court at the trial of the substantive offense. If the sentencing court suspended the *imposition* of the sentence and not just *execution* of the sentence already imposed, then the probation revocation proceeding was considered part of the sentencing process and the probationer had a Sixth Amendment right to have counsel present. *Laquay v. State*, 16 Md.App. 709, 716–18, 299 A.2d 527 (1973); *Knight v. State*, 7 Md.App. 313, 322–25, 255 A.2d 441 (1969). If, on the other hand, sentence was imposed at the trial of the substantive offense and merely its execution was suspended, then it was not a denial of the defendant's Sixth Amendment right to counsel to conduct the probation hearing without

contrary to the State's contentions, a defendant has a constitutional right to an attorney at a probation revocation proceeding. Once granted, the "right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970) (citations omitted).[3] We hold, therefore, that appellant had a constitutional right to counsel at his probation revocation hearing and, therefore, had the right to have a reasonably competent counsel represent him. Whether the failure on the part of his attorney to file the motion for modification would actually constitute ineffective counsel in violation of appellant's Sixth Amendment right is not before us.[4] This is a mixed question of law and fact which must be addressed after a full factual inquiry. *Strickland v. Washington,* 466 U.S. 668, 698,

---

defendant's attorney present. *Knight,* 7 Md.App. at 324–25, 255 A.2d 441.

This distinction between the suspension of the imposition of a sentence and the suspension of its execution has been abandoned by the Court of Appeals.

**3.** A violation of probation case is generally considered a civil action. *Chase v. State,* 309 Md. 224, 239, 522 A.2d 1348 (1987). As such, the full panoply of rights typically granted to a defendant in a criminal case are not applicable in a probation revocation hearing. *Id.* For instance, the State need only prove the violation of probation by a preponderance of the evidence and not beyond a reasonable doubt. *Wink v. State,* 317 Md. 330, 341, 563 A.2d 414 (1989). Still, a probation revocation proceeding often involves depriving a defendant of his liberty, "a result that may be accomplished, consistent with the due process clause of the 14th Amendment, only by providing 'many, though not all, of the constitutional protections available to criminal defendants....' " *Adkins v. State,* 324 Md. 641, 655 n. 8, 598 A.2d 194 (1991) (quoting *Hersch v. State,* 317 Md. 200, 207, 562 A.2d 1254 (1989)).

**4.** The Court of Appeals has adopted the standard set forth by the Supreme Court in *Strickland* for determining whether ineffective assistance of counsel has been rendered. *State v. Thomas,* 328 Md. 541, 555–56, 616 A.2d 365 (1992), *cert. denied,* ⸺ U.S. ⸺, 113 S.Ct. 2359, 124 L.Ed.2d 266 (1993). This standard has two components. First, it must be established that the attorney's representation was deficient, i.e., "fell below an objective standard of reasonableness." *Thomas,* 328 Md. at 556, 616 A.2d 365 (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064–65). Second, it must be shown that the defendant's case was prejudiced as a result of his attorney's deficient performance. *Id.* 328 Md. at 557, 616 A.2d 365.

104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). The question remains, however, whether appellant's Sixth Amendment claim may be heard in a proceeding brought under Maryland's Post Conviction Proceeding Act.

### b. Review of Claim of Ineffective Assistance of Counsel under Maryland's Post Conviction Procedure Act

██ Section 645A of the Post Conviction Procedure Act grants a person convicted of a crime the right to institute a proceeding to set aside or correct a sentence. Md.Ann.Code, art. 27, § 645A(a). According to subsection (e) of 645A, this remedy "is not a substitute for, nor does it affect any remedies which are incident to the proceedings in the trial court. . . ." *Id.* 645A(e). The purpose of section 645A is "to consolidate into one statutory procedure all the remedies previously available for collaterally challenging the validity of a criminal conviction or sentence." *Barr v. State,* 101 Md.App. 681, 687, 647 A.2d 1293 (1994). In a comment to the Uniform Post Conviction Procedure Act, upon which Maryland's law is based, it was noted:

> The aim of [section 645A] is to bring together and consolidate into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence of imprisonment. . . . [It] is aimed to incorporate and protect all rights presently available under habeas corpus, coram nobis, or other remedies. The change is a procedural one.

Uniform Acts, Post–Conviction Procedure Act, 11 U.L.A. 486–87 § 1 (1974).

Section 645A(a) sets forth the types of claims cognizable under the Act:

> [1] the sentence or judgment was imposed in violation of the Constitution of the United States or the Constitution or laws of this State, or [2] that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or *[3] that the sentence is*

*otherwise subject to collateral attack upon any ground of alleged error* which would otherwise be available under a writ of habeas corpus, writ or coram nobis, or other common-law or statutory remedy. . . .

(emphasis added).

 A "collateral attack" of a sentence typically involves matters outside the record which the defendant could not have raised during trial or on appeal.[5] In numerous decisions, the Maryland courts have indicated that a claim of ineffective assistance of counsel is such a "collateral attack" which may properly be heard in a post conviction proceeding. *Pressley v. Warden,* 242 Md. 405, 408, 219 A.2d 25 (1966); *Hamm v. Warden,* 238 Md. 633, 635, 209 A.2d 785 (1965); *Bryant v. Warden,* 235 Md. 658, 660, 202 A.2d 721 (1964); *Hyde v. Warden,* 235 Md. 641, 646–47, 202 A.2d 382 (1964); *Ward v. State,* 52 Md.App. 88, 94–95, 447 A.2d 101 (1982). Indeed, a post conviction proceeding, rather than a direct appeal to this Court, has long been considered the "normal" or more appropriate avenue for adjudication of a claim of ineffective assistance of counsel. *Colvin v. State,* 299 Md. 88, 112–13, 472 A.2d 953 (1984), *cert. denied,* 469 U.S. 873, 105 S.Ct. 226, 83 L.Ed.2d 155 (1984); *Harris v. State,* 295 Md. 329, 337–38, 455 A.2d 979 (1983); *McCloud v. State,* 77 Md.App. 528, 536–37, 551 A.2d 151 (1989), *rev'd on other grounds,* 317 Md. 360, 564 A.2d 72 (1989); *Watkins v. State,* 59 Md.App. 705, 714, 478 A.2d 326 (1984). In *Johnson v. State,* 292 Md. 405, 434–35, 439 A.2d 542 (1982), the Court of Appeals opined:

[U]nder the settled rules of appellate procedure, a claim of ineffective assistance of counsel not presented to the trial court generally is not an issue which will be reviewed

---

**5.** If the defendant had an opportunity to raise the issue at trial or on appeal, then it is likely that the issue would be deemed to have been "finally litigated" or "waived" and, therefore, not reviewable post conviction. Section 645A(a) provides that the above-mentioned claims may be pursued under the Act "provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction."

initially on direct appeal, although competency of counsel may be raised for the first time at a section 645A post conviction proceeding.

(Citations omitted).

The rationale for this historical preference is that the circuit court, in a post conviction proceeding, is better able to conduct fact-finding into allegations of ineffective counsel and determine whether an attorney's conduct meets the applicable standards of competence. *Colvin*, 299 Md. at 113, 472 A.2d 953. In *Johnson*, the Court explained:

> In essence, it is because the trial record does not ordinarily illuminate the basis for the challenged acts or omissions of counsel, that a claim of ineffective assistance of counsel is more appropriately made in a post conviction proceeding pursuant to [§ 645A].... Upon such a collateral attack, there is presented an opportunity for taking testimony, receiving evidence, and making factual findings concerning the allegations of counsel's incompetence. By having counsel testify and describe his or her reasons for acting or failing to act in the manner complained of, the post conviction court is better able to determine intelligently whether the attorney's actions met the applicable standard of competence. Where ... the record sheds no light on why counsel acted as he did, direct review by this Court would primarily involve 'the perilous process of second guessing', perhaps resulting in an unnecessary reversal in a case where sound but unapparent reasons existed for counsel's actions.

292 Md. at 434–35, 439 A.2d 542 (citations and footnote omitted).[6]

---

**6.** The Court in *Johnson* also recognized that

> it is conceivable that there may be presented a case on direct review where error by counsel at trial is so blatant and egregious that, assuming the issue is properly presented, an appellate court may determine from the face of the record that an accused was not afforded adequate representation. Given the secretive nature of trial tactics, however, such a case will be rarely presented.

292 Md. at 435 n. 15, 439 A.2d 542. We note that while the present case may very well be one in which the incompetence of appellant's

▇▇ The Maryland courts have not, however, squarely addressed the more specific issue of whether a claim of ineffective assistance of counsel rendered during a probation revocation proceeding, as opposed to at trial, may properly be heard under the Post Conviction Procedure Act.

In *McRoy v. State*, 24 Md.App. 321, 332–33, 330 A.2d 693 (1975), we indicated that such a claim is cognizable under the Act. The appellant in *McRoy* claimed in a direct appeal to this Court that he was denied effective assistance of counsel when his court-appointed attorney appeared at his probation revocation hearing unprepared. *Id.* at 332, 330 A.2d 693. Due to the sparsity of the record, however, we were unable to determine whether the appellant had been prejudiced by the alleged incompetence of his attorney. *Id.* We stated:

> [T]he tangential questions raised being founded on unpreparedness and inaction by counsel cannot be answered, nor resulting prejudice assessed, without adequate factual determination below. The competency issue is one for post conviction relief where all of the facts may be determined at an evidentiary hearing and counsel may defend his inaction.

*Id.* at 332–33, 330 A.2d 693 (citations omitted).[7]

▇▇ We believe that the appropriate avenue for bringing a Sixth Amendment ineffective assistance of counsel claim is a post conviction proceeding under section 645A, regardless of whether the alleged incompetency occurred at the original trial or at a subsequent probation revocation proceeding. A

---

attorney is discernible from the face of the record, we still decline to pass any judgment on this issue. The sole question presented to the parties for briefing was whether a proceeding under the post conviction act is the proper forum for such a claim.

7. We have also indicated that probation revocation proceedings may be reviewed post conviction on grounds other than ineffective assistance of counsel. *See, Gakaba v. State*, 84 Md.App. 154, 157, 578 A.2d 299 (1990) (suggesting that revocation of probation before judgment may be heard in post conviction proceeding), *cert. denied*, 321 Md. 385, 582 A.2d 1255 (1990); *Stone v. State*, 43 Md.App. 329, 336, 405 A.2d 345 (1979) (suggesting that validity of conditions of probation may be heard in post conviction procedure).

challenge to the competency of counsel during a probation hearing is a "collateral attack" on the legality of the sentence and is proper grounds for post conviction relief.

█ The State argues that it is not necessary for us to decide whether post conviction relief is available to challenge probation revocation proceedings generally because appellant is not challenging the underlying conviction rendered at the probation revocation proceeding, but merely his attorney's negligence afterwards. We discern no legal distinction between ineffective counsel rendered during the hearing itself and after the hearing is conducted. Appellant's right to have effective assistance of counsel extended beyond the revocation hearing and encompassed, at the least, that period after the hearing during which the court maintained revisory power over the case and could have entertained a motion for modification under Rule 4–345. During this post-hearing period, the public defender's representation of appellant continued. Section 4(d) of the Public Defender Act provides:

Representation by the Office of the Public Defender, or by an attorney appointed by the Office of the Public Defender, *shall extend to all stages in the proceedings,* including custody, interrogation, preliminary hearing, arraignment, trial, and appeal, if any, and shall continue until the final disposition of the cause, or *until the assigned attorney is relieved by the Public Defender* or by order of the court in which the cause is pending.

Md.Ann.Code art. 27A, § 4(d) (1990) (emphasis added).

█ Here, there is no indication that the public defender who was appointed to represent appellant was "relieved" of his duties after the probation hearing was concluded. In fact, after the hearing, his attorney filed an affidavit with the court, which indicates, at the least, that the attorney believed his representation of appellant continued. It is noteworthy also that the Office of the Public Defender represents appellant in the present appeal. Appellant's right to an attorney at his probation revocation proceeding, and his concomitant constitutional right to effective assistance of counsel, include the right

to have that attorney file all appropriate motions before, during, and after the hearing itself.[8]

If a defendant is not afforded the opportunity to raise this claim in a post conviction proceeding, his or her constitutional right to effective assistance of counsel at a revocation proceeding would not be protected. The only other avenue available to a probationer is to file an application with this Court for leave to appeal pursuant to section 12–302(g) of the Courts and Judicial Proceedings Article. Md.Code Ann., Cts. & Jud.Proc. § 12–302(g) (1994 Supp.). However, since the granting of this application is discretionary, a defendant could be denied a forum for bringing a Sixth Amendment challenge to the competency of his counsel, effectively denying him that very right.

The reasons for permitting post conviction review of an attorney's conduct during trial or other stages of the criminal process are, we believe, equally applicable when an attorney is alleged to have been incompetent during probation revocation proceedings. In a post conviction proceeding under section 645A, the circuit court may take testimony and hear evidence regarding the attorney's conduct, and is better able to determine if that conduct fell below applicable standards.[9]

---

**8.** The trial court, in its Memorandum and Order dismissing appellant's petition for post conviction relief, stated as an aside that appellant's claim of ineffective assistance of counsel was arguably not ripe since appellant did not file a belated motion for modification. The court reasoned that because Judge Gordy had not actually denied any such motion, appellant did not suffer any prejudice. The court suggested that the Office of the Public Defender, in order to save time and resources, adopt a practice of filing the motion for modification, and withholding institution of post conviction proceedings, until after the judge denies the motion on jurisdictional grounds.

 This practice would seem to create a futile and wasted step since the court must deny the late filed motion. *See Cardinell v. State*, 335 Md. 381, 385, 644 A.2d 11 (1994).

**9.** We note that decisions in other states are in accord with our ruling. *Marzettie v. State*, 608 So.2d 419, 419 (Ala.Crim.App.1992) (holding that claim of ineffective assistance of counsel could properly be heard in post conviction proceeding rather than on direct appeal); *State v. Robbins*, 166 Ariz. 531, 803 P.2d 942, 943 (App.1991) (holding that post

We hold, therefore, that appellant's Sixth Amendment claim was reviewable under Maryland's Post Conviction Procedure Act. The circuit court erred when it dismissed his petition for post conviction relief on the ground stated.

JUDGMENT REVERSED; CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE CITY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.

conviction relief was available to challenge probation revocation based on ineffective assistance of counsel); *Wilbanks v. State,* 126 Idaho 341, 882 P.2d 996, 998 (App.1994) (assuming without deciding that post conviction court could hear claim of ineffective assistance of counsel).