694 A.2d 462

STATE of Maryland

v.

John FLANSBURG.

No. 53, Sept. Term, 1995.

Court of Appeals of Maryland.

June 6, 1997.

Diane E. Keller, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Petitioner.

Nancy S. Forster, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Respondent.

Argued before MURPHY, C.J.,* and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

---

* Murphy, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and the adoption of this opinion.

ELDRIDGE, Judge.

This action under the Maryland Post Conviction Procedure Act, Maryland Code (1957, 1995 Supp.), Art. 27, § 645A *et seq.*, presents two issues: 1. whether the respondent John Flansburg had a right to the effective assistance of counsel with regard to a motion under Maryland Rule 4–345(b) for modification of the sentence reimposed at a probation revocation proceeding; 2. whether his claim that he had such right to the effective assistance of counsel is cognizable under the Post Conviction Procedure Act.

### I.

On December 5, 1985, John Flansburg pled guilty in the Circuit Court for Baltimore City to a second degree sex offense under Art. 27, § 464A. The court sentenced him to seven years' imprisonment, suspended four years of the sentence, and placed him on five years' probation upon his release. In 1990, while on probation, Flansburg was convicted of battery and second degree murder. A probation revocation hearing was held on May 21, 1991, in the Circuit Court for Baltimore City. Flansburg was represented by counsel from the Office of the Public Defender. After Flansburg admitted that he had violated his probation, the court revoked his probation and reimposed the three year portion of his prior sentence which had been suspended, to be served consecutively to a fifteen year sentence imposed for the murder conviction.

Following the probation revocation hearing, Flansburg made two timely written requests that his attorney file a motion under Maryland Rule 4–345(b) for modification of his sentence.[1] Notwithstanding these requests, counsel failed to file the motion.

---

1. Rule 4–345 provides in pertinent part as follows:
    "(a) **Illegal Sentence.**—The court may correct an illegal sentence at any time.
    (b) **Modification or Reduction**—Time For.—The court has revisory power and control over a sentence upon a motion filed within 90

On February 5, 1994, Flansburg filed in the Circuit Court for Baltimore City a petition for post conviction relief, claiming that his attorney's failure to file a motion for modification of sentence had deprived him of his right to the effective assistance of counsel.

The circuit court dismissed the petition, noting the absence of Maryland precedent explicitly holding that post conviction procedures are available to challenge the procedural regularity of a probation revocation proceeding without challenging the underlying conviction. The circuit court concluded that the Maryland Post Conviction Procedure Act did not permit such challenges.

After granting Flansburg's application for leave to appeal, the Court of Special Appeals reversed. *Flansburg v. State,* 103 Md.App. 394, 653 A.2d 966 (1995). That court concluded that Flansburg had a right to the effective assistance of counsel at his probation revocation hearing, that Flansburg's right to effective counsel "extended beyond the revocation hearing and encompassed, at the least, that period after the hearing during which the court maintained revisory power over the case and could have entertained a motion for modification" (103 Md.App. at 405, 653 A.2d at 971), and that Flansburg's challenge to the adequacy of his counsel at the probation revocation proceeding was cognizable under the Maryland Post Conviction Procedure Act.

We granted the State's petition for a writ of certiorari, *State v. Flansburg,* 339 Md. 232, 661 A.2d 733 (1995), and we shall affirm.

## II.

In arguing that Flansburg had no right to the effective assistance of counsel in connection with the motion under Rule

---

days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule.
\* \* \* "

4–345(b), the State seizes upon a reference to the Sixth Amendment in the Court of Special Appeals' opinion, and points out that the right to counsel under the Sixth Amendment to the federal constitution has no application to probation revocation proceedings. *See Gagnon v. Scarpelli,* 411 U.S. 778, 787–790, 93 S.Ct. 1756, 1762–1764, 36 L.Ed.2d 656, 664–666 (1973). The State recognizes that there is a federal constitutional right to counsel, based on due process principles, which is applicable under some circumstances to probation revocation proceedings.[2] Nevertheless, the State asserts that such federal constitutional right does not extend to the filing of a motion for modification of sentence following the probation revocation hearing. While acknowledging that Maryland statutory provisions and rules provide a right to counsel which extends beyond federal constitutional requirements, the State urges that any such right should not apply to a motion for modification of the sentence reimposed in a probation revocation proceeding.

We shall assume, *arguendo,* that Flansburg had no federal constitutional right to counsel with respect to a motion for modification of a sentence reimposed at a probation revocation proceeding.[3] We shall further assume, *arguendo,* that Flans-

---

**2.** In *Gagnon v. Scarpelli, supra,* the United States Supreme Court adopted a "case-by-case" approach to determine whether the Due Process Clause of the Fourteenth Amendment provides a right to appointed counsel at probation revocation proceedings.

**3.** Although we make this assumption solely for purposes of this case, we note that, in *Vincenti v. State,* 309 Md. 601, 604, 525 A.2d 1072, 1074 (1987), this Court held as follows:

"Because of the nature of probation revocation hearings in this State, a constitutional right to counsel exists. *State v. Bryan,* 284 Md. 152, 395 A.2d 475 (1978). *See also Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)."

Under Maryland law, the judge sentencing for a violation of probation is given authority to reduce or suspend in whole or in part the original criminal sentence. *See* Maryland Code (1957, 1996 Repl.Vol.), Art. 27, § 642, which provides:

burg had no such right to counsel under Articles 21 or 24 of the Maryland Declaration of Rights. Nonetheless, it is clear that, under Maryland statutory provisions, rules and case-law, Flansburg had a right to counsel under the circumstances presented here.

Since Flansburg qualified for and was represented by the Public Defender, he had a *statutory* right to counsel at his probation revocation hearing pursuant to the provisions of the Public Defender Act, Code (1957, 1997 Repl.Vol.), Art. 27A. Section 4(b) of the Act states:

"(b) *Included proceedings.*—Legal representation shall be provided indigent defendants or parties in the following proceedings:

(1) Any criminal or juvenile proceeding constitutionally requiring the presence of counsel prior to presentment before a commissioner or judge;

(2) Criminal or juvenile proceedings, where the defendant is charged with a serious crime, before the District Court of Maryland, the various circuit courts within the State of Maryland, and the Court of Special Appeals;

(3) Postconviction proceedings under Article 27, Annotated Code of Maryland, when the defendant has a right to counsel pursuant to § 645A of that article;

---

"Whenever any person is convicted of any offense in any of the courts of record of this State, having criminal jurisdiction, and the judge presiding does not impose sentence or suspends sentence generally or for a definite time places the offender upon probation, or makes another order and imposes other terms as she or he may deem proper, and that person at any time thereafter is brought before the court to be sentenced upon the original charge of his conviction, or for a violation of the terms and conditions of the order of probation in the case, the judge who then is presiding in that particular court, if he determines that the offender violated the terms and conditions of probation, may proceed to sentence the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof, or if no sentence was imposed, any sentence provided for by law for the crime for which that person was originally convicted. The sentence may be suspended in whole or in part and the offender may be placed on further probation on the terms and conditions the judge deems proper but no term of probation may exceed the maximum prescribed by § 641A of this article."

(4) Any other proceeding where possible incarceration pursuant to a judicial commitment of individuals in institutions of a public or private nature may result; and

(5) An involuntary termination of parental rights proceeding or a hearing under § 5–319 of the Family Law Article, if the party is entitled to Public Defender representation under § 5–323 of the Family Law Article." [4]

■ As the statutory language demonstrates, the right to counsel under the Public Defender Act is significantly broader than the constitutional right to counsel. *See Webster v. State,* 299 Md. 581, 602–604, 474 A.2d 1305, 1316–1317 (1984). *See also Harris v. State,* 344 Md. 497, 511–513, 687 A.2d 970, 977–978 (1997). Criminal proceedings constitutionally requiring the presence of counsel constitute only one of the five categories of required representation set forth in the Public Defender Act. Subsection (b)(4), quoted above, provides for representation in "[a]ny other proceeding where possible incarceration pursuant to a judicial commitment of individuals in institutions of a public or private nature may result...." This obviously includes a probation revocation proceeding. [5]

Moreover, Maryland Rule 4–347, which sets forth the procedures for probation revocation proceedings, incorporates by reference the provisions of Rule 4–215 requiring counsel at criminal trials. [6] This Court has held that these rules grant a

---

4. While the Public Defender Act expressly grants a right to counsel only to indigents, this Court has held, on equal protection principles, that a person with means to obtain his own lawyer has a right to representation by his own counsel which is equally as broad as an indigent's right under the Public Defender Act. *Wilson v. State,* 284 Md. 664, 670–671, 399 A.2d 256, 259–260 (1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1858, 64 L.Ed.2d 275 (1980).

5. A probation revocation proceeding in Maryland is classified as a civil proceeding. *See, e.g., Gibson v. State,* 328 Md. 687, 690, 616 A.2d 877, 878–879 (1992); *Chase v. State,* 309 Md. 224, 238–239, 522 A.2d 1348, 1355 (1987); *Clipper v. State,* 295 Md. 303, 313, 455 A.2d 973, 978 (1983); *Howlett v. State,* 295 Md. 419, 424, 456 A.2d 375, 378 (1983).

6. Maryland Rule 4–347(d) provides as follows:

right to counsel at a probation revocation hearing irrespective of any constitutional requirements. Thus, in *State v. Bryan*, 284 Md. 152, 158, 395 A.2d 475, 479 (1978), Judge Orth for the Court stated:

"Since a probation revocation hearing is within the ambit of the Rule [concerning waiver of counsel], the court may not proceed with the hearing absent counsel for the probationer unless counsel is duly waived. In short, although, in effect, the Rule implements constitutional rights to assistance of counsel, regardless of any constitutional rights, it bestows upon a probationer the right to counsel at a probation revocation hearing."

*See also Vincenti v. State*, 309 Md. 601, 604, 525 A.2d 1072, 1074 (1987) ("Maryland Rule 4–215 mandates a procedure specifically designed to protect [the right to counsel at probation revocation proceedings]").

In addition, Maryland Rule 4–214(b) provides as follows (emphasis added):

"**(b) Extent of Duty of Appointed Counsel.**—When counsel is appointed by the Public Defender or by the court, *representation extends to* all stages in the proceedings, including but not limited to custody, interrogations, preliminary hearing, pretrial motions and hearings, trial, *motions for modification* or review *of sentence* or new trial, and appeal. The Public Defender may relieve appointed counsel and substitute new counsel for the defendant without order of court by giving notice of the substitution to the clerk of the court. Representation by the Public Defender's office may not be withdrawn until the appearance of that office

---

"**(d) Waiver of Counsel.**—The provisions of Rule 4–215 apply to proceedings for revocation of probation."

Maryland Rule 4–215(b) states as follows:

"**(b) Express Waiver of Counsel.**—If a defendant who is not represented by counsel indicates a desire to waive counsel, the court may not accept the waiver until it determines, after an examination of the defendant on the record conducted by the court, the State's Attorney, or both, that the defendant is knowingly and voluntarily waiving the right to counsel. . . ."

has been stricken pursuant to section (c) of this Rule. The representation of appointed counsel does not extend to the filing of subsequent discretionary proceedings including petition for writ of certiorari, petition to expunge records, and petition for post conviction relief."

The phrase in Rule 4–214(b) "motions for modification . . . of sentence" seems to require representation by the Public Defender with regard to any and all timely motions for modification of sentence, regardless of when they occur.

■ The State seems to agree that Maryland statutory provisions and rules grant a right to counsel at probation revocation proceedings. The State asserts, however, that such right should apply "to the factual determination regarding the existence of any violation" but "not to the subsequent filing of a motion for modification of sentence." (State's Opening Brief in this Court at 24). Nevertheless, the Public Defender Act and the rules expressly delineate a broad scope of representation with regard to any particular proceeding. Art. 27A, § 4(d), states (emphasis added):

"Representation by the Office of the Public Defender, or by an attorney appointed by the Office of the Public Defender, *shall extend to all stages in the proceedings,* including custody, interrogation, preliminary hearing, arraignment, trial, a hearing in an involuntary termination of parental rights proceeding, a hearing under § 5–319 of the Family Law Article, and appeal, if any, and shall continue until the final disposition of the cause, or until the assigned attorney is relieved by the Public Defender or by order of the court in which the cause is pending."

The statutory language, by referring to "all stages in the proceedings," plainly encompasses an accused's request to file a motion for modification of the sentence which was reimposed at the hearing. *See Levene v. Antone,* 301 Md. 610, 622, 484 A.2d 259, 265 (1984) (Public Defender's obligation under the statute "is a continuing obligation").

Similarly Rule 4–214(b), previously quoted, states that representation by the Public Defender's Office or by court-

appointed counsel "extends to all stages in the proceedings." The rule goes on expressly to include "motions for modification or review of sentence."

■ Finally, the State in its reply brief and in oral argument suggests that even if Flansburg had a statutory right to counsel in connection with his request to file a motion for modification of the sentence, such right should not include the same type of "effective assistance" which is associated with a constitutional right of counsel. This argument was fully answered by the Court in *Wilson v. State*, 284 Md. 664, 671, 399 A.2d 256, 260 (1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1858, 64 L.Ed.2d 275 (1980). There, referring specifically to the right to counsel under the Public Defender Act, Judge Orth for the Court stated:

"Entitlement to assistance of counsel would be hollow indeed unless the assistance were required to be effective. It follows that a criminal defendant has the right to the effective assistance of counsel on the direct appeal of the judgment entered upon his conviction of a serious crime."

Regardless of the source, the right to counsel means the right to the effective assistance of counsel. *See, e.g., Kimmelman v. Morrison*, 477 U.S. 365, 377, 106 S.Ct. 2574, 2584, 91 L.Ed.2d 305, 321 (1986); *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763, 773 n. 14 (1970); *Grandison v. State*, 341 Md. 175, 264, 670 A.2d 398, 441 (1995); *Brosan v. Cochran*, 307 Md. 662, 673, 516 A.2d 970, 976 (1986).

Consequently, Flansburg had under Maryland law a right to the effective assistance of counsel in connection with his request to file a motion for modification of the reimposed sentence.

### III.

■ The State alternatively contends that Flansburg's claim is not cognizable under the Post Conviction Procedure Act, Art. 27, § 645A. In the State's view, the Post Conviction Procedure Act authorizes a person to raise matters which occurred at his criminal trial or to challenge the sentence

imposed at his trial but *not to raise matters occurring* at subsequent proceedings such as a probation revocation proceeding. The State relies on the absence of express language of Art. 27, § 645A, which "does not contain an explicit reference to probation revocation proceedings." (State's Opening Brief in this Court at 11).

The relevant statutory language is set forth in Art. 27, § 645A(a)(1), which states as follows:

"(a) *Right to institute proceeding to set aside or correct sentence; time of filing initial proceeding.*—(1) Subject to the provisions of paragraphs (2) and (3) of this subsection, any person convicted of a crime and either incarcerated under sentence of death or imprisonment or on parole or probation, including any person confined or on parole or probation as a result of a proceeding before the District Court *who claims that the sentence* or judgment *was imposed in violation of the* Constitution of the United States or the Constitution or *laws of this State,* or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack upon any ground of alleged error which would otherwise be available under a writ of habeas corpus, writ of coram nobis, or other common-law or statutory remedy, may institute a proceeding under this subtitle in the circuit court for the county to set aside or correct the sentence, provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction." (Emphasis added).

The above-quoted statutory provision contains no language justifying the distinction which the State draws between matters occurring at the criminal trial itself and matters occurring at a probation revocation proceeding.

The language of § 645A(a)(1) plainly encompasses a "claim[ ] that the sentence . . . was imposed in violation of the . . . laws of this State. . . ." Flansburg claims that, with

respect to the sentence reimposed at the probation revocation proceeding, he was denied the effective assistance of counsel in violation of Maryland statutes and rules because of counsel's failure to abide by his request to file a motion for modification of the sentence. His claim is clearly embraced by the language of the statute.

Furthermore, this Court has previously rejected the argument that the Post Conviction Procedure Act does not encompass proceedings occurring after the criminal trial and initial imposition of sentence. In *Wilson v. State, supra,* 284 Md. 664, 399 A.2d 256, we held that Art. 27, § 645A(a)(1), covered a claim that counsel representing the accused on appeal was ineffective. If the Post Conviction Procedure Act extends beyond the criminal trial to an appeal, we can think of no sound reason why the statute would not cover a post-trial probation revocation proceeding at which a sentence is actually reimposed.

We conclude, therefore, that Flansburg's claim was cognizable under the Post Conviction Procedure Act. Counsel's failure to abide by his client's wishes resulted in Flansburg's loss of any opportunity to have a reconsideration of sentence hearing. Flansburg expressly instructed his public defender to file a motion for reconsideration, and based on the Public Defender Act and the rules, Flansburg had a right to expect that his request would be honored. The failure to follow a client's directions to file a motion, when statutory provisions and rules expressly extend representation to such a motion, is a ground for the post conviction remedy of permission to file a belated motion for reconsideration of sentence.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.*