## CHAVEZ *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 12, October Term, 1956.]

*Decided October 9, 1956.*

Before BRUNE, C. J., and COLLINS, HENDERSON and HAM-
MOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

Judge Tucker of the Supreme Bench of Baltimore denied
a writ of *habeas corpus* to Richard Chavez, serving a ten year
term after conviction of burglary, and he seeks leave to appeal
from that denial.

He bases his right to relief upon three grounds: that he
was denied due process of law; that he was deprived of a
fair trial; and that he was illegally convicted. Apart from
two contentions, to be dealt with later, he cites no facts to
support these general allegations and this absence of particu-
larization presents to the Court nothing to justify the issuance
of the writ of *habeas corpus*. *Williams v. Warden,* 205 Md.
633; *Bell v. Warden,* 207 Md. 618.

The two factual allegations made by petitioner in sup-
port of his generalizations are: 1, that he was denied counsel;
and 2, that he was convicted by the uncorroborated testimony
of an accomplice. The record shows that Chavez was given a
preliminary hearing before a magistrate on February 24, 1956,
was arraigned in the Criminal Court for Baltimore on March
2, 1956, and tried on March 8, 1956. The transcript of the
proceedings of his arraignment shows that at the time he was
arraigned, he was asked by the clerk whether he had a lawyer
and that his answer was, "My mother is getting one." On
the basis of this statement, no lawyer was appointed. He al-
leges that on the morning of the trial, he asked the State's At-

torney to procure a lawyer for him, and when he was told that it was too late, asked that his case be postponed until he could secure one. There is no allegation, and nothing to show, that he asked the court to appoint counsel for him or to postpone the trial to give him time to employ counsel or that he complained to the court because he had no lawyer. See *Davis v. Warden,* 208 Md. 675. Petitioner was twenty-two years old at the time of the trial and had at least one prior conviction in criminal court. There is nothing to show that want of counsel either caused any ingredient of unfairness to operate to his prejudice or denied him any essential of justice. Therefore, no right to *habeas corpus* accrued to him because he was not represented. *Truelove v. Warden,* 207 Md. 636, 637, 638, and cases cited.

The record in the case shows that there is no factual basis for petitioner's allegation that he was convicted on the uncorroborated testimony of his accomplice. Nine witnesses appeared against Chavez and as a result of their testimony, there came into evidence his confession as well as his accomplice's. On the record as it stands, the legal question sought to be raised by petitioner on this issue falls, although we do not intimate that if petitioner's allegations were factually true he could raise the point in a *habeas corpus* proceeding.

*Application denied, with costs.*