## STEWART *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 67, October Term, 1956.]

658

 

Decided February 7, 1957. ∘

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Smith of the Circuit Court for Baltimore County. In March, 1956, the applicant pleaded guilty in the Criminal Court of Baltimore to violation of the narcotics law and was sentenced to five years by Judge Carter, who suspended sentence conditionally. Less than five months later, the applicant was accused by the police of using heroin. After a hearing before Judge Carter, he was found to have violated the conditions of suspension and sentenced to five years in the House of Correction.

The applicant contends that he was denied an "effective hearing" on the charge of violating his suspension because he was not "* * * brought before a Police Magistrate for setting of bail and bounding over to the proper authorities for trial." However, the record discloses that the applicant was given a hearing, and we have said that "A formal trial is not required on the inquiry of whether or not the conditions of probation have been violated." *Jett v. Superintendent,* 209 Md. 633, 640.

Secondly, the applicant alleges that his request for a medical examination was denied by the police, that he was not allowed to summon witnesses, and that the only evidence presented at his hearing was the testimony of the arresting officer as to the presence of fresh needle marks on his arm. These allegations concern the regularity of the proceedings

or the sufficiency of the evidence and cannot be raised on *habeas corpus.* *Wagner v. Warden,* 205 Md. 648; *Cummings v. Warden,* 206 Md. 637; *Davis v. Warden,* 208 Md. 675.

Stewart's last contention, that he was deprived of counsel, is also of no merit. We assume without deciding that the right to counsel at a hearing on violation of the condition of suspension is the same as at a trial. *Wilson v. Warden,* 209 Md. 659. The applicant has failed to show that he asked the court to appoint counsel for him or that "want of counsel either caused any ingredient of unfairness to operate to his prejudice or denied him any essential of justice." *Chavez v. Warden,* 211 Md. 602. See, too, *Wilson v. Warden, supra.*

*Application denied, with costs.*