## WALKER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 81, October Term, 1956.]

*Decided June 4, 1957.*

Before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

Hammond, J., delivered the opinion of the Court.

Judge Michael Paul Smith of the Circuit Court for Baltimore County denied the petition for a writ of *habeas corpus* of James T. Walker, who has applied for leave to appeal from that denial.

In October, 1955, the applicant pleaded guilty in the Criminal Court of Baltimore to statutory rape. Judge Moser suspended his sentence of five years and placed him on probation for three years. The following June the applicant was indicted in Baltimore for assault and robbery. He was also charged with violation of the conditions of probation in that, *inter alia,* he had failed to "conduct himself in a law abiding manner". Judge Mason acquitted him of the criminal charges in a trial in which he was represented by counsel, apparently of his own choice. The applicant was then tried immediately for violation of probation. A policewoman testified that some forty days before he had been intimate with the original prosecutrix who was still below the age of consent.

The applicant makes three contentions which he alleges entitle him to the writ of *habeas corpus:* first, that since the conduct which constituted his failure to conduct himself in a law abiding manner amounted to a crime he should have been formally indicted; second, that he was not represented by counsel; third, that the testimony against him was incredible as is shown by the failure to have proceeded against him for forty days.

A formal trial is not necessary on the inquiry of whether or not conditions of probation have been violated. All that is requisite is a reasonable opportunity to the accused to defend himself against the charge. *Murray v. Swenson,* 196 Md. 222; *Jett v. Superintendent,* 209 Md. 633, 640; *Stewart v. Warden,* 212 Md. 657. The applicant cannot complain that he was not again indicted and tried for statutory rape.

As we have done before, we assume, without deciding, that the right to counsel is the same on a hearing to revoke probation as it is at a criminal trial. *Wilson v. Warden,* 209

658

Md. 659; *Stewart v. Warden, supra.* Here the applicant does not allege or show that he asked for counsel or that want of counsel prejudiced him or denied him any essential of justice. This being so, he shows no right to *habeas corpus. Stewart v. Warden; Wilson v. Warden,* both cited above.

The claim that the testimony as to his conduct was incredible cannot be raised on application for *habeas corpus. Bergen v. Warden,* 208 Md. 677.

*Application denied, with costs.*