694 A.2d 182

**George SMITH,**

v.

**STATE of Maryland.**

**No. 1329 Sept. Term, 1996.**

Court of Special Appeals of Maryland.

May 29, 1997.

Edward J. Kelley (Stephen E. Harris, Public Defender, George E. Burns, Jr., Arthur A. Delano and Gary S. Offutt, Assistant Public Defenders, on the brief), Baltimore, for Appellant.

Ann N. Bosse, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Baltimore and Sandra A. O'Connor, State's Attorney for Baltimore County, Towson, on the brief), for Appellee.

Argued before MURPHY, C.J., and MOYLAN and EYLER, JJ.

EYLER, Judge.

The issue presented by this appeal is whether the post conviction petition filed by appellant, George Smith, was properly dismissed on the ground that it was a second petition and not allowed by virtue of Art. 27, § 645A(a)(2)(i) of the Maryland Code (1957, 1996 Repl.Vol.).[1]

# I.

## Facts

The facts are not in dispute and, because of the narrow legal issue presented, may be succinctly stated. Appellant was convicted on an Agreed Statement of Facts of theft over $300 on October 19, 1988, and was sentenced to ten years imprisonment, five years of which was suspended subject to the successful completion of three years probation. Subsequently, an appeal was noted, the judgment was affirmed, appellant moved for modification or reduction of sentence, and that motion was denied. A petition for post conviction relief for ineffective assistance of counsel was filed on August 8, 1990, which, after a hearing, was denied.

On July 9, 1993, a petition for revocation of appellant's probation was filed. After a hearing on March 13, 1995, appellant was found in violation of his probation, his probation was revoked, and he was sentenced to serve the balance of his five-year sentence, commencing February 7, 1995. An application for leave to appeal from the revocation of probation was filed April 5, 1995 and denied on May 31, 1995. An application for review of sentence by a three-judge panel and a motion for modification or reduction of sentence subsequently were filed and both requests for relief were denied.

---

1. All references herein to Article 27 will be to Md.Ann.Code (1957, 1996 Repl.Vol.), unless otherwise indicated.

A petition for post conviction relief addressing the revocation of probation was filed on April 29, 1996. On May 20, 1996, the State filed an answer and motion to dismiss the petition, pursuant to Art. 27, § 645A(a)(2)(i), on the grounds that the petition was the second petition filed, and only one petition was permitted by statute. Ultimately, on August 2, 1996, the State's motion was granted. On August 9, 1996, appellant filed an application for leave to appeal from the dismissal of his petition for post conviction relief. The application was granted on October 29, 1996.

## II.

### Issues and Contentions

Appellant presents two issues in his petition for post conviction relief. Appellant first argues that the "original trial court" imposed the order of probation improperly, in that the court failed to comply with Maryland Rule 4–346 in not providing appellant with a written copy of the probation order. Second, appellant contends that there was no evidence to support a finding that appellant violated the conditions of probation by failing to report to his probation officer. It appears that appellant is arguing both that the conditions of probation, as originally imposed, are unenforceable because they fail to provide specific directions as to when and where to report, and that the evidence is inadequate to support a finding that he failed to report on any particular occasion. The trial court did not reach the merits of either of appellant's issues, but instead, dismissed the petition on the ground that it was barred by Art. 27, § 645A(a)(2)(i).

Art. 27, § 645A(a)(1) and (2)(i) provide as follows:

(a)(1) Subject to the provisions of paragraphs (2) and (3) of this subsection, any person convicted of a crime and either incarcerated under sentence of death or imprisonment or on a parole or probation, including any person confined or on parole or probation as a result of a proceeding before the District Court who claims that the sentence or judgment was imposed in violation of the Constitution of

the United States or the Constitution or laws of this State, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack upon any ground of alleged error which would otherwise be available under a writ of habeas corpus, writ of coram nobis, or other common-law or statutory remedy, may institute a proceeding under this subtitle in the circuit court for the county to set aside or correct the sentence, provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction.

(2)(i) A person may file only one petition, arising out of each trial, for relief under this subtitle.

In granting appellant's leave to appeal from the dismissal of his post conviction petition, we asked the parties to brief and argue the following issue:

Should the post conviction petition filed on April 29, 1996, be dismissed on the ground that it is a second petition and as such is not allowed by virtue of Art. 27, § 645(a)(2)(i)?

Appellant initially notes that we recognized in *Flansburg v. State*, 103 Md.App. 394, 653 A.2d 966, *cert. granted*, 339 Md. 232, 661 A.2d 733 (1995), that a challenge to a violation of probation is reviewable in a post conviction proceeding. Thus, he urges, were there no limit on the number of petitions a defendant may file, there is no question but that he would be permitted to bring the current petition. Relying on the definition of "trial" set forth in *Black's Law Dictionary*, 6th Edition, appellant further argues that a probation revocation hearing is a separate trial for which appellant may file a post conviction petition. Appellant argues that his reading of § 645A(a)(2)(i) is supported by the fact that elsewhere in the statute, the Legislature used the term "conviction." Appellant asserts that the use of the term "conviction" would have circumscribed the number of petitions available in a manner that use of the term "trial" does not.

The State relies principally upon the cases that hold that a probation revocation hearing is not a trial. *See, e.g., Clipper v. State,* 295 Md. 303, 308, 455 A.2d 973 (1983) (citing *State v. Bryan,* 284 Md. 152, 159, 395 A.2d 475 (1978)); *Edwardsen v. State,* 220 Md. 82, 88, 151 A.2d 132 (1959). The State argues that the Legislature is presumed to be aware of case law, and further, that the common and long-established usage of the term "trial" does not include probation revocation hearings. With respect to *Flansburg,* the State notes that it currently is pending before the Court of Appeals, and the State continues to maintain that *Flansburg* was incorrectly decided. The State further argues that, assuming post conviction proceedings are available generally to challenge revocation of probation, that fact is not grounds to subvert the clear limit on the number of petitions established by the Legislature. Finally, the State argues that the first issue framed by appellant's post conviction petition should have been raised on direct appeal from appellant's original conviction, and cannot be raised in a post conviction petition. With respect to this last argument, appellant responds that the argument addresses the merits of his petition and not the reason his petition was dismissed at the trial level. Appellant further notes that the parties were asked by this Court to limit their argument to the issue of the limit on the number of petitions a defendant may file.

## III.

### Discussion

We begin by noting that our goal is to ascertain and effectuate the intent of the Legislature at the time it drafted § 645A(a)(2). *State v. Pagano,* 341 Md. 129, 133, 669 A.2d 1339 (1996); *Jones v. State,* 336 Md. 255, 260, 647 A.2d 1204 (1994). Our starting point for statutory interpretation is the language of the statute itself, and ordinarily, if the language is free from ambiguity, we will not look beyond the language to ascertain the intent of the Legislature. *Pagano,* 341 Md. at 133, 669 A.2d 1339; *Cianos v. State,* 338 Md. 406, 411, 659 A.2d 291 (1995); *Jones,* 336 Md. at 261, 647 A.2d 1204.

Nevertheless, as the Court of Appeals recently has noted, even when the language is plain, the meaning is controlled by the context in which it appears. *Pagano,* 341 Md. at 133, 669 A.2d 1339. Further, "[w]e may always consider evidence of legislative intent beyond the plain language of the statute." *Id.*

■ At first glance, the State has the better of the argument. The phrase "arising out of each trial," originated in Senate Bill 36, Acts of 1986. 1986 Laws of Maryland, ch. 647. That bill added to § 645A, for the first time, a two petition limit, and the language remained unchanged when the petition limit was reduced to one in 1995. *See* 1995 Laws of Maryland, Chapter 110. The two petition limit had previously been proposed in House Bill 1475, Acts of 1985, but did not pass at that time. A review of the bill files for the 1985, 1986, and 1995 bills have not revealed anything which would shed light on the Legislature's selection of the term "trial." The cases such as *Clipper v. State, supra,* that hold that a post conviction hearing is not a trial, predate the 1985 and 1986 bills, and it must be presumed that the Legislature was aware of such cases at the time it drafted the "arising out of each trial" language.[2] Appellant's reliance upon the Black's Law Dictionary definition of "trial" is unpersuasive, as is appellant's argument that the Legislature would have used the term "conviction" had it intended the result urged by the State. A likely explanation for the Legislature's decision not to use "conviction" is that a single criminal trial often can result in convictions for more than one crime. Notwithstanding the foregoing, we agree with appellant's reading of § 645A.

---

**2.** We are unpersuaded by the cases which appellant cites wherein the Court of Appeals referred to a "trial" for revocation of probation or which stated that the defendants were "tried" for revocation of probation. *See Ebb v. State,* 341 Md. 578, 593, 671 A.2d 974, *cert. denied,* —— U.S. ——, 117 S.Ct. 102, 136 L.Ed.2d 56 (1996); *Savoy v. State,* 336 Md. 355, 362, 648 A.2d 683 (1994); *Adkins v. State,* 324 Md. 641, 656, 598 A.2d 194 (1991). The Court in those cases did not decide the precise issue of whether a probation revocation hearing is a trial, as did the *Clipper* Court. Moreover, the Court does not appear to have used the terms "trial" or "tried" in any technically precise sense.

We note first of all that the Legislature's use of the word "trial" in § 645A(2)(i) is not as crystal clear as the State asserts. For example, a defendant could use the post conviction procedure to challenge a conviction based on a guilty plea by alleging ineffective assistance of counsel. Although no trial would have occurred in that instance, presumably, the single petition limit set forth in § 645A(a)(2)(i) still would apply. Further, § 645A(a)(1), which defines the scope of the Act, refers to a *"proceeding* before the District Court," yet it cannot seriously be argued that the single petition limit does not apply to convictions that result from District Court proceedings. Finally, assuming that the word "trial" does not include probation revocation hearings, the phrase "arising out of each trial" also would seem to exclude probation revocation hearings, because probation revocation hearings arise out of a criminal trial in only the most attenuated sense. Only an entirely new set of facts and occurrences give rise to a probation revocation hearing.

When the Post Conviction Procedure Act first was adopted in 1958, it was intended to supplant the then existing remedies of *habeas corpus* and *coram nobis. See* Tomlinson, *Post–Conviction in Maryland: Past, Present and Future,* 45 Md. L.Rev. 927, 932–35 (1986).[3] *See also Flansburg,* 103 Md.App. at 401, 653 A.2d 966 (quoting comment to 1955 Uniform Post Conviction Procedure Act). While the Act did not abolish these common law remedies, it did do away with the general right to seek leave to appeal from a denial of a writ of *habeas corpus. See* 1958 Laws of Maryland, ch. 44, Preamble to Senate Bill 14, and ch. 45 (Senate Bill 15). It further permitted the trial court to treat, with the consent of the defendant, any *habeas corpus* petition as a post conviction petition. 1958

---

**3.** Professor Edward A. Tomlinson, a professor of law at the University of Maryland School of Law, authored the "Report and Recommendations on Post–Conviction Remedies in·Maryland" for the Criminal Law and Procedure Committee of the Maryland Judicial Conference. While the Judicial Conference proposal did not pass, the 1986 bill apparently was modelled largely on one of Prof. Tomlinson's proposals. *See* 5/15/86 Letter from Attorney General Stephen H. Sachs to then Governor Harry Hughes, 1986 Bill File for S.B. 36.

Laws of Maryland, ch. 44, § 645–B. The incentive provided to defendants was that, under the new Act, they could seek leave to appeal from denial of a post conviction petition. *Id.* at 645–I. Given that it was anticipated that proceedings under the Act would replace *habeas* proceedings, it is clear that the Act was intended to provide a scope of review at least as broad as that provided by *habeas corpus.* Indeed, the Act provided for an even broader scope of review. The *habeas* remedy, which originally was restricted to jurisdictional challenges, had been broadened by the Court of Appeals to include challenges based upon alleged denials of fundamental rights.[4] Tomlinson, 45 Md.L.Rev. at 936 (citing Markell, *Review of Criminal Cases in Maryland Habeas Corpus and by Appeal,* 101 U. Pa. L.Rev. 1154, 1160–61 (1953), discussing *Loughran v. Warden,* 192 Md. 719, 724–25, 64 A.2d 712, *cert. denied,* 337 U.S. 908, 69 S.Ct. 1040, 93 L.Ed. 1721 (1949)). In addition to such challenges, the Act provided for "claims that the sentence or judgment was imposed in violation of the Constitution of the United States or the Constitution or laws of this State...." 1958 Laws of Maryland, ch. 44, § 645A(a). *See also* Tomlinson, 45 Md.L.Rev. at 935–36 (comparing *habeas corpus* relief and post conviction relief). The scope of review remains unchanged from the Act's original form.

The cases that predate the 1958 Act indicate that *habeas* was available to challenge revocations of probation. *See, e.g., Stewart v. Warden,* 212 Md. 657, 129 A.2d 89 (1957) (application for leave to appeal denied because appellant did not request counsel at probation revocation hearing); *Walker v. Warden,* 213 Md. 656, 132 A.2d 477 (1957) (same).[5] Accord-

---

**4.** While *habeas corpus* cannot be used as a means of reviewing issues that could have been raised on direct appeal, *habeas* may be used in those "exceptional cases where fundamental rights have been violated in the course of the trial, and such violation has not only resulted in conviction, but has likewise prevented resort to the remedy of appeal...." *Loughran,* 192 Md. at 724–25, 64 A.2d 712.

**5.** The right to counsel at a probation revocation hearing currently is much broader than it was at the time of *Walker* and *Stewart,* and cannot

ingly, it follows that the post conviction procedure is available for challenging revocations of probation.

We recently held as much in *Flansburg*. While we agree with the State that it does not necessarily follow that the Legislature intended to treat probation revocation hearings as separate "trials" that trigger a separate limit on petitions, any other reading of the statute would diminish the *habeas* remedy that was available prior to the Act. Under such a reading, a defendant who had filed a petition from the initial criminal trial would be unable to file a petition from a subsequent probation revocation hearing for a claim such as ineffective assistance of counsel. Even though the latter petition would be based upon events that could not have been raised in the initial petition, the defendant would have to resort to *habeas* as it currently exists and would have no right to seek leave to appeal from any denial of the writ.

As we noted in *Flansburg*, the purpose of the original Act was to incorporate and protect the rights then available under *habeas corpus*, *coram nobis*, or other remedies. *Flansburg*, 103 Md.App. at 401, 653 A.2d 966 (citing comment to 1955 Uniform Post Conviction Procedure Act). It was meant to effect only a procedural change. *Id.* As further noted, applications for leave to appeal from denials of a writ of *habeas corpus* were generally available immediately prior to the Act. By contrast, appeal from denial of a writ of *habeas* now is available only in limited circumstances not at issue here. *See* Md.Code Ann., Cts. & Jud.Proc. art., §§ 3–706, 3–707 (1995 Repl.Vol., 1996 Supp.); Md.Ann.Code, Art. 41, § 2–210 (1957, 1997 Repl.Vol.). There is nothing in the legislative history of the single petition limit that suggests that the purpose of the limit was to impair significantly the availability of pre-Act remedies. Indeed, the limited history that is available suggests that the contrary is true. *See* letter dated May 15, 1986, from Attorney General Stephen Sachs to then Governor Harry Hughes, 1986 bill file for S.B. 36 (noting that 1986 bill was

---

be waived simply for failure to request counsel. *See* Rules 4–347(d) and 4–215; *State v. Bryan*, 284 Md. 152, 156–58, 395 A.2d 475 (1978).

merely procedural, and thus, would pass constitutional muster, even if retroactive).[6] The Act itself and its legislative history suggest that the limit was intended only to preclude repetitious filings, rather than to change significantly the scope of the remedy.

Accordingly, we now hold that a probation revocation proceeding is a "trial" within the meaning of § 645A(a)(2)(i), and a separate single petition limit applies to such a proceeding when and to the extent that the petition raises new issues that have come into existence as a result of the proceeding and, consequently, could not have been raised earlier. Given our holding, the trial court was correct in dismissing the first portion of appellant's petition. Appellant's first issue is an issue stemming from the initial criminal trial, and an issue which could have been raised in appellant's first petition. Absent a basis for reopening appellant's initial petition under § 645A(a)(2)(iii), appellant may not raise that issue now. By contrast, appellant's second issue stems solely from the probation revocation hearing and is a new issue that could not have been raised in appellant's first petition, and that cannot form the basis for reopening the first petition. While we will not comment on the validity of appellant's second issue, we will reverse the trial court's dismissal of the issue because it is not barred by § 645A(a)(2)(i).[7]

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART IN ACCORDANCE WITH THIS OPINION. COSTS TO BE DIVIDED BETWEEN THE PARTIES.

---

**6.** The legislative history of the 1986 bill obviously is relevant because the phrase "arising out of each trial" originated in the 1986 bill.

**7.** There may very well be alternative grounds for dismissing appellant's second issue. We have confined ourselves, however, to the scope of the narrow question framed by us.